# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| TERRAN C. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.               ) | No. 4:12-CV-2374-CAS |
| ) | |
| LARRY DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Terran C. Hill's supplement to the complaint, in which he states that he is suing defendants in their individual and official capacities. In addition, plaintiff has advised the Court that he is unable to pay the previously-assessed initial partial filing fee of $13.73, because he has been transferred from the St. Louis City Justice Center to the Phelps County Jail, and the money that he had in his inmate account was not also transferred. Plaintiff states that he has no funds with which to pay the filing fee. Under these circumstances, and because this action will be administratively closed pending final disposition of the criminal charges against plaintiff, the Court will not require plaintiff to pay an initial filing fee at this time. If, and when, plaintiff files a motion to reopen this case, the Court will re-evaluate plaintiff's in forma pauperis status to determine the sufficiency of his inmate funds.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,

325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, a pre-trial detainee at the Phelps County Jail, seeks monetary relief in this 42 U.S.C. § 1983 action against defendant St. Louis Police Department officers Larry Davis, Michael Kegel, Craig Robertson, and Kenneth Allen. Plaintiff alleges that he has been falsely arrested and imprisoned and is being wrongly accused of a drug crime he did not commit. More specifically, plaintiff claims that defendants lied about finding drugs on him when they arrested him outside his grandmother's house on December 15, 2011.

## Discussion

Liberally construing the complaint, it appears that plaintiff has filed the instant action while an underlying criminal case against him for possession of drugs is pending in state court.[1] In Wallace v. Kato, 549 U.S. 384, 397 (2007), the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the

---

[1] Plaintiff has not provided the Court with a citation or cause number relative to the state criminal case against him.

claimant becomes detained pursuant to legal process." The Supreme Court instructed that where, as here, "a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94.  Otherwise, the Supreme Court explained, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." Id. at 393 (internal citation omitted).

After careful consideration, the Court finds that the principles established in Wallace v. Kato dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying state criminal drug charges pending against him are resolved.

Accordingly,

**IT IS HEREBY ORDERED** that all proceedings in this case are **stayed** pending final disposition of the criminal charges for drug possession pending against plaintiff.  See Wallace v. Kato, 549 U.S. 384, 397 (2007).

**IT IS FURTHER ORDERED** that, for the reasons set forth above, plaintiff shall not be required to pay an initial filing fee of $13.73 at this time.  If, and when, plaintiff files a motion to reopen this case following the final disposition of the state criminal charges against him, the Court will re-evaluate plaintiff's in forma pauperis status to determine the sufficiency of his inmate funds.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in state court for alleged drug

possession, within thirty (30) days after final disposition of the state charges; plaintiff shall include the names of the parties, the court in which the case was pending, and the case number.

**IT IS FURTHER ORDERED** that the instant case is **administratively closed**, pending final disposition of the state criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition, as set forth above.

A separate order to administratively close this case shall accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of May, 2013.